**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | |
|---|---|
| **TIMOTHY HENDERSON, DEWEY AVERY, JOHNNIE DELASALLE, VIKI AVERY, and RAYLAINE HENDERSON** | **PLAINTIFFS** |
| **V.** | **CASE NO. 1:04CV36** |
| **BLACK & VEATCH CORPORATION, VICTOR ENNS, and OVERLAND CONTRACTING INC.** | **DEFENDANTS** |

### MEMORANDUM OPINION

This cause comes before the Court on the defendants' motion for summary judgment [52-1] and their motion [66-1] to strike several of the plaintiffs' affidavits which were submitted in response to the motion for summary judgment. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs include several workmen injured on a construction job in French Camp, Mississippi. Additionally, two of the plaintiffs are spouses of two of the workmen and bring related claims for loss of consortium. The plaintiffs aver that they were employees of Zachary Construction Corporation ("Zachary"), which contracted with the defendants, Black & Veatch Corporation and Overland Construction, Inc..

The corporate defendants now seek summary judgment, arguing that the workmen were actually dual employees who also worked for both defendant corporations. Consequently, the Mississippi Worker's Compensation Act represents the plaintiffs' sole remedy for their injuries. In support of this theory, the corporate defendants rely on several statements made by the workmen in their deposition testimony which suggest that they took instruction from agents of the corporations

rather than (or in addition to) Zachary.

In response, the plaintiffs have submitted evidence which purports to set out the nature of the joint venture agreement between Zachary and the corporate defendants which, according to the plaintiffs, excludes the possibility that the workmen were employees of the defendant corporations. The plaintiffs also submit affidavits from the workmen which purport to "clarify" their deposition testimony and demonstrate that the statements relied upon by the defendants were taken out of context and did not demonstrate the true employment status of the workmen. The defendants subsequently filed a motion to strike those affidavits due to their inconsistency with the prior deposition testimony.

The Court has reviewed both the affidavits and the deposition testimony. The Court is not persuaded that the affidavits are so at odds with the prior testimony that they should be stricken. While there are some inconsistencies, the affidavits can be fairly read to be consistent with the deposition testimony and at the same time refute the defendants' interpretation of the deposition testimony. Accordingly, the motion to strike is DENIED.

Turning to the summary judgment motion, summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147

L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

In the case at bar, the central issue of the case is the true employment status of the workmen. If they can be considered dual employees of the corporate defendants, the Workers' Compensation Act appears to represent their exclusive remedy. If not, then the corporate defendants may be potentially liable for the plaintiffs' injuries. Viewing all disputed facts in the light most favorable to the non-moving parties, the Court finds that disputed issues of material fact surrounding the employment status of the workmen preclude summary judgment. Accordingly, the motion for summary judgment is denied. A separate order to that effect shall issue this day.

This is the 2nd day of August, 2005.

                                          **/s/ Michael P. Mills**
                                          **UNITED STATES DISTRICT JUDGE**